INTERSTATE BRANDS CORPORATION v WAY BAKING
COMPANY

Docket No. 60905. Decided October 2, 1978. On application by plaintiff
for leave to appeal the Supreme Court, in lieu of granting leave
to appeal, reversed the judgments of the Court of Appeals and
Jackson Circuit Court. Rehearing denied 403 Mich *post,* p 958.

. Interstate Brands Corporation sought to enjoin the Way Baking
Company from using the trademark "Holsum" in the Lansing
marketing area and also sought damages for the defendant's
use of the trademark. Interstate acquired the trademark when
it purchased the assets of the Roskam Baking Company in
1973. Way argued that Interstate had abandoned the trade-
mark in the Lansing area. The Jackson Circuit Court, Russell
E. Noble, J., granted a judgment for Way on the ground that
Interstate had used the tradename as a "defensive measure" to
stifle competition by Way. The Court of Appeals, D. C. Riley,
P.J., and J. H. Gillis and R. M. Maher, JJ., affirmed (Docket No.
31305). Plaintiff applies for leave to appeal. *Held:*

The right to a trademark grows out of its use, and covers the
area in which it is used. A trademark may be lost by abandon-
ment, which is the concurrence of an intention to abandon and
an act or omission by which such intention is carried into
effect.

There is no question in this case that the name of Roskam
and later Interstate was associated with the trademark Hol-
sum, that good will had attached to those companies by the use
of the trademark, and that Interstate had acquired the right to
use the trademark in the Lansing area. The question is
whether there was an abandonment of the trademark.

Abandonment must be established by clear and convincing
evidence that Interstate or its predecessor had ceased to use
the Holsum trademark with the intent not to resume its use.
The record indicates that Way failed to sustain its burden of
proof and that the decision of the trial court was clearly
erroneous. Intermittent periods of non-use or reduced use do
not constitute abandonment. The fact that products with the
Holsum trademark constitute less than 5% of Interstate's

business does not signify that the trademark is nonexistent or abandoned.

The reduced continued use is evidence of an intention not to abandon. Even if Interstate was considering substituting the "Butternut" label for the "Holsum" label, Interstate was still selling Holsum products and had not dissociated itself from that mark, and a reduction of sales in the Lansing area is not sufficient to constitute abandonment.

The judgments of the Court of Appeals and Jackson Circuit Court are reversed and the case is remanded to the circuit court for entry of a judgment in favor of the plaintiff.

79 Mich App 551; 261 NW2d 84 (1977) reversed.

*Susskind & Hedstrom, P.C.,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *John H. Schomer* and *Alan R. Dominick)* for defendant.

PER CURIAM. This is a trademark infringement case. The issue is whether the plaintiff or its predecessor abandoned the "Holsum" trademark it used for selling bread in the Lansing area.

The Roskam Baking Company began to use the trademark Holsum in the Grand Rapids area in 1945 and entered the Lansing market area in 1960, selling baked goods under several names, including Holsum. Plaintiff Interstate Brands Corporation purchased the Roskam's assets in September 1973. At that time Roskam assigned the trademark Holsum to Interstate.

In 1964 defendant Way Baking Company began to use the Holsum trademark in Lansing but withdrew the product on demand of Roskam. Approximately five months after Interstate had acquired the right to the Holsum trademark Way once more commenced selling its Holsum bread in the Lansing market area.

Interstate filed suit in April of 1974 contending

that Way was infringing on its right to use the Holsum trademark in the Lansing area. Way responded that Interstate had abandoned the trademark in the Lansing area. Following a non-jury trial in September of 1976, the court issued an opinion favorable to Way. The court perceived the question as: "Is the plaintiff now using the tradename Holsum in the Lansing market area in a good faith commercial endeavor, or is it using the name merely as a competitive defensive measure to prevent its use there by defendant?" The trial court found that there had been "months at a time" when Interstate's Holsum products had remained off the shelves and that "there is no evidence that the plaintiff intends in the future to increase its use of the tradename Holsum, and the plaintiff offered no evidence of legitimate business reasons tending to show a lack of intent to abandon the name". The court concluded that "the use by plaintiff of the tradename Holsum in the Lansing market area was a defensive competitive measure in order to stifle competition from the defendant".

The Court of Appeals agreed with the trial court and ruled that "the use of a trademark solely for a defensive, negative purpose is insufficient to maintain enforceable rights in that trademark. The trial judge found that plaintiff's use of the 'Holsum' trademark was for defensive purposes to stifle competition. We cannot say his finding was clearly erroneous." 79 Mich App 551, 558; 261 NW2d 84 (1977).

The right to a trademark grows out of its use, and covers the area in which it is used. *United Drug Co v Theodore Rectanus Co,* 248 US 90, 97; 39 S Ct 48; 63 L Ed 141 (1918); *Hanover Star Milling Co v Metcalf,* 240 US 403; 36 S Ct 357; 60 L Ed 713 (1916).

Trademarks may be lost by abandonment. Abandonment is the concurrence of an intention to abandon and an act or omission by which such intention is carried into effect. *Saunders v Stringer,* 265 Mich 301, 305; 251 NW 342 (1933); *Saxlehner v Eisner & Mendelson Co,* 179 US 19; 21 S Ct 7; 45 L Ed 60 (1900).

Both the trial court and the Court of Appeals relied on *La Societé Anonyme des Parfums Le Galion v Jean Patou, Inc,* 495 F2d 1265 (CA 2, 1974), for the proposition that a purely defensive use of a trademark is insufficient to retain enforceable rights in the mark, but in that case the court recognized that abandonment was not in issue:

"Appellee's related argument that it has not legally abandoned the SNOB trademark does not merit much attention. The issue of abandonment arises only if the defendant has previously acquired rights in the trademark. Essentially plaintiff's challenge here is that Patou has never established any enforceable rights in the SNOB mark and thus has nothing to abandon." 495 F2d 1273, fn 9.[1]

There is no question in this case that the name of Roskam and later Interstate was associated with the trademark Holsum, that good will had attached to those companies by the use of the trademark, and that Interstate had acquired the right to use the trademark in the Lansing area.

The question remains whether there was an abandonment. To prove abandonment Way had to show by clear and convincing evidence that Interstate or its predecessor had ceased to use the Holsum trademark with the intent not to resume

---

[1] *La Societé* involved a situation where defendant profited about $100 on the sale of 89 bottles of perfume during a 20-year period. The Court determined that the defendant was not using the trademark and had never used or acquired rights in the trademark.

its use. See 3 Restatement Torts, § 752; MCL
429.31; MSA 18.638(21); McCarthy, Trademarks
and Unfair Competition, §§ 17:3-4; Anno: *Trade-
mark or Tradename—Abandonment,* 3 ALR2d
1226. The record indicates that Way failed to
sustain its burden of proof and that the trial
court's decision was clearly erroneous.

Three witnesses testified at trial. Milton Roskam
and Marvin Van Dyke testified for Interstate.
William Coan, a former employee of Roskam and
Interstate who commenced working for Way as
district manager in Lansing, testified for Way.

Coan testified that Roskam had been phasing
out the Holsum mark from 1970 to 1973 and that
Holsum bread constituted less than 5% of Ros-
kam's sales. Between 1974 and 1976 there would
be periods of two to three months when Coan saw
no Interstate Holsum bread in Lansing. At the
time of the trial, the use of the Holsum trademark
by Interstate was reduced to two retail outlets; the
action was commenced in April, 1974 and trial was
in the fall of 1976.

Van Dyke testified that he was the supervisor in
the Lansing area from 1973 through July of 1975
for Interstate and that Holsum products were sold
in the Lansing area by Interstate during that
period. Roskam, the president of Roskam Baking
Company, testified that during the period between
1970 and 1973, approximately 1200 units per week
of Holsum products were sold in the Lansing area
and that considerable sums were expended in
advertising the Holsum product.

It is evident that there was no actual abandon-
ment by Interstate. Intermittent periods of nonuse
or reduced use do not constitute abandonment.
Interstate sells bakery products under various
trademarks. Many it acquired from Roskam. The

fact that the Holsum trademark constitutes less than 5% of the business does not signify that the trademark is nonexistent or abandoned.

Although the volume of business done under a trademark or tradename is reduced, as compared with prior sales or activity, or even as compared to the infringer's sales, that is not abandonment. The reduced continued use is evidence of an intention not to abandon. 87 CJS, Trademarks, § 182, p 519; 74 Am Jur 2d, Trademarks and Tradenames, § 31, p 723; Anno, *supra,* p 1255.

It appears that Way may be correct that Interstate was considering substituting the Butternut label for the Holsum label. Interstate, nevertheless, was still selling Holsum products, had not disassociated itself from that mark, and although it may have been selling fewer Holsum products in the Lansing area than previously, that is not sufficient to constitute abandonment.

Way did not satisfy its burden by testimony from one of Interstate's former employees, hired by Way for the express purpose of taking over its Holsum business, that Interstate was "phasing out" the Holsum mark, without any concrete evidence that it in fact had phased it out to the point of abandonment. His further testimony that at the time of trial the use was minimal, even if true, would not show that, before this action was commenced by Interstate, the mark had been abandoned by Interstate. Interstate's reduced sales of Holsum bread after the commencement of the action would not constitute abandonment; it may only reflect the competition of Way's infringing use.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgments of the lower courts and remand the case to the

Jackson Circuit Court for entry of a judgment in conformity with this opinion.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

### ORDER ENTERED MAY 2, 1979

On order of the Court, the motion by plaintiff-appellant for reconsideration of this Court's opinion at 403 Mich 479 (1978) is considered and the motion is denied, because it does not appear that said opinion was entered erroneously.

The Jackson Circuit Court is directed to enter judgment in favor of the plaintiff, including, among other things, an order enjoining the defendant from using the trademark in dispute.