OSTOIN v WATERFORD TOWNSHIP POLICE DEPARTMENT

Docket No. 119738. Submitted March 5, 1991, at Detroit. Decided May 20, 1991, at 9:05 A.M.

Samuel Ostoin, personal representative of the estate of James Ostoin, deceased, brought an action in the Oakland Circuit Court against the Waterford Township Police Department and four of its officers, alleging violation of 42 USC 1983. The action arose from an incident in which the decedent was struck on the head with a baseball bat during a robbery, four of the defendant's police officers were summoned and discovered the decedent wandering and disoriented, and the officers, apparently believing that the decedent was intoxicated, did not take him into protective custody or seek medical treatment for him, but instead returned him to his apartment, where he died. The plaintiff sought discovery of a number of documents including: the complete record of the arbitration of a grievance by one of the officers following his suspension after an internal affairs investigation of the incident; a complete copy of the internal affairs investigation, conclusions, and recommendations; and copies of those portions of the personnel files of the four officers involved, as well as all other officers in the department, dealing with their training or prior complaints of improper response to medical emergencies. The court, Alice L. Gilbert, J., conducted an in camera examination of the internal affairs investigation file and the personnel files of the four officers involved and ordered production of certain documents in the officers' files relating to their training, as well as a rules-of-conduct document in the internal affairs investigation file. The plaintiff's remaining requests were denied. The plaintiff appealed by leave granted.

The Court of Appeals held:

1. There is a qualified privilege which protects documents reflecting a governmental agency's evaluative or deliberative processes from disclosure. The privilege does not extend to

REFERENCES

Am Jur 2d, Civil Rights § 19; Depositions and Discovery §§ 78, 82.

Validity, construction, and application of statutory provisions relating to public access to police records and papers. 82 ALR3d 19.

objective facts upon which decisions are based and it applies to discovery requests in litigation involving civil rights claims against local officials. The court did not abuse its discretion in refusing to order further disclosure of the internal affairs investigation file, because the plaintiff received all the factual material contained in it and the remaining material was subject to the deliberative-process privilege. Although the privilege may be overcome by a sufficient showing of need, the court, in denying disclosure, properly balanced the plaintiff's evidentiary needs with the department's need to keep internal critical analyses confidential.

2. The court abused its discretion in denying discovery of the personnel files of the officers not involved in the litigation and an arbitration record without first conducting an in camera inspection to determine whether they contained relevant, non-privileged material subject to discovery by the plaintiff.

Affirmed in part and reversed in part.

1. PRETRIAL PROCEDURE — DISCOVERY — GOVERNMENTAL AGENCY DOCUMENTS — DELIBERATIVE-PROCESS PRIVILEGE.

Michigan recognizes a qualified privilege that protects documents reflecting a governmental agency's evaluative or deliberative processes from disclosure; the privilege does not extend to objective facts upon which decisions are based, and may be overcome by a sufficient showing of need.

2. PRETRIAL PROCEDURE — DISCOVERY — CIVIL RIGHTS — GOVERNMENTAL AGENCY PERSONNEL FILES.

A court should not categorically deny discovery of a governmental agency's documents and personnel files in an action brought against the agency and some of its personnel pursuant to 42 USC 1983 without first conducting an in camera examination to determine whether the requested material contains unprivileged relevant material subject to discovery.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Alan B. Posner*), for the plaintiff.

*Cummings,, McClorey, Davis & Acho, P.C.* (by *Marcia L. Howe* and *T. Joseph Seward*), for the defendants.

Before: MCDONALD, P.J., and MACKENZIE and WAHLS, JJ.

MacKenzie, J. Plaintiff appeals by leave granted from an order denying in part his request for pretrial discovery of certain of defendant's records and documents. We affirm in part and reverse in part.

Plaintiff's decedent was struck on the head with a baseball bat during a robbery. Four Waterford Township police officers, including Officer J. Humbaugh, were summoned and discovered the decedent wandering and disoriented. Apparently believing that he was intoxicated, the officers did not take the decedent into protective custody or seek medical treatment for him, but instead returned him to his apartment, where he died. This action, brought pursuant to 42 USC 1983, against the Waterford Township Police Department (hereafter defendant) and the four officers followed.

Shortly after the incident, defendant conducted an internal affairs investigation, and Officer Humbaugh was suspended. He filed a grievance which, within "a couple of months" of the incident, proceeded to arbitration and the taking of testimony of an unknown number of witnesses. The arbitration resulted in a determination in favor of the officer.

Plaintiff sought discovery of a number of documents, including the complete record of the Humbaugh arbitration; a complete copy of the internal affairs investigation, conclusions, and recommendations; and copies of those portions of the personnel files of the four officers involved in the incident, as well as all other officers in the department, dealing with their training or prior complaints of improper response to medical emergencies.

The trial court initially entered a protective order denying plaintiff's motion for production. Later, however, the court conducted an in camera

examination of the internal affairs investigation file and the personnel files of the four officers involved in the incident. The court then ordered defendant to produce certain documents in the four officers' files relating to their training, as well as a rules-of-conduct document in the internal affairs investigation file. Plaintiff's requests for the remainder of the internal affairs investigation file and personnel files, along with his request for the Humbaugh arbitration record, were denied. That denial is the basis of this interlocutory appeal.

Michigan law is strongly committed to open and far-reaching discovery, and generally provides for discovery of any relevant, nonprivileged matter. See *Eyde v Eyde,* 172 Mich App 49, 54-55; 431 NW2d 459 (1988); MCR 2.302(B)(1). Privilege is governed by the common law, except where modified by statute or court rule. MRE 501.

The threshold question in this case is whether there is a qualified privilege which protects from disclosure documents reflecting a governmental agency's evaluative or deliberative processes. We find federal law on the question persuasive, and hold that such a privilege exists in Michigan.

The deliberative-process privilege is often traced to *Kaiser Aluminum & Chemical Corp v United States,* 157 F Supp 939, 944-947 (Ct Cl, 1958). Citing both American and English precedent, *Kaiser* outlined a privilege for "confidential intraagency advisory opinions," based on a policy of protecting "open, frank discussion" concerning governmental action. *Id.,* p 946. The privilege does not, however, extend to "objective facts" upon which decisions are based. *Id.* Although originally applied to the federal government, the privilege has been applied by federal courts to discovery requests in litigation involving civil rights claims against state and local officials as well. See *Wood v*

*Breier,* 54 FRD 7, 12 (ED Wis, 1972). State courts have also adopted the doctrine as a common-law privilege. See, e.g., *Hamilton v Verdow,* 287 Md 544, 559-562; 414 A2d 914 (1980).

Whether applied to administrative litigation against the federal government or civil rights litigation against police departments, the central question in the application of the privilege is whether the material sought is factual or evaluative. See *McClelland v Andrus,* 196 US App DC 371, 379-381; 606 F2d 1278 (1979); *Wood, supra,* p 12. The purpose of the deliberative-process privilege is to foster freedom of expression among governmental employees involved in decision making and policy formulation. Accordingly, factual material falls outside the scope of the privilege; to be protected, the material must comprise part of the deliberative or evaluative process. *McClelland, supra,* p 380. Moreover, the privilege protecting deliberative and evaluative data may be overcome by a sufficient showing of need. *Liuzzo v United States,* 508 F Supp 923, 938 (ED Mich, 1981); *McClelland, supra,* p 382.

Applying the deliberative-process privilege to this case, we find no abuse of discretion in the trial court's refusal to order further disclosure of defendant's internal affairs investigation file. It appears that plaintiff has already received all factual material from the file, including witness statements and the department's rules of conduct. The remainder of the file seems to consist of the evaluative findings of the investigators, which are subject to the privilege.

Plaintiff argues that the internal affairs findings and analysis are needed in order to establish the department's ratification of or acquiescence in the officers' conduct. *City of Canton v Harris,* 489 US 378; 109 S Ct 1197; 103 L Ed 2d 412 (1989).

However, such evaluative data falls squarely within the deliberative-process privilege. Even in the cases cited by plaintiff where sufficient need was shown to obtain discovery of police internal investigation records such evaluative data was either nonexistent or excised by the court and discovery was granted only for purely factual data in the records. *Wood, supra; Frankenhauser v Rizzo,* 59 FRD 339, 345 (ED Pa, 1973). In this case, while the trial court denied discovery of the internal affairs findings and analysis, the court permitted plaintiff to inquire into the area of internal affairs investigation by interrogatory or deposition. The court properly balanced plaintiff's evidentiary needs with defendant's need to keep its self-critical analyses confidential. We find no abuse of discretion.

However, we conclude that the court's denial of plaintiff's request for production of material from the personnel files of officers not involved in this litigation may have denied plaintiff access to relevant, nonprivileged material. Factual material relevant to plaintiff's claim that a constitutional violation resulted from defendant's failure to train its officers, see *City of Canton, supra,* could be extracted from the files by an in camera inspection similar to the court's in camera review of the personnel files of the four involved officers. The trial court abused its discretion by categorically denying discovery of the files without first conducting an in camera inspection to determine whether they contain relevant, nonprivileged material subject to discovery by plaintiff.

Finally, the records of the Humbaugh arbitration proceeding should also be subject to an in camera inspection to extract relevant factual data. It appears that the arbitration record contains witness statements and testimony regarding defen-

dant's officers' contact with plaintiff's decedent. This testimony constitutes factual material unprotected by the deliberative-process privilege. Moreover, the eyewitness accounts and arbitration record have special evidentiary value which cannot be duplicated by deposing the arbitration witnesses, because the witnesses' recollections of the incident are no longer as fresh as at the time of the arbitration proceeding. *Frankenhauser, supra,* p 345. We therefore conclude that the trial court abused its discretion in failing to conduct an in camera examination of the Humbaugh arbitration record or to allow disclosure of the factual elements of the record.

Discovery rules are to be liberally construed, and materials which are not privileged and which are relevant to the subject matter of the suit are freely discoverable upon request, with no required showing of good cause. *Haglund v Van Dorn Co,* 169 Mich App 524, 529; 426 NW2d 690 (1988); *Davis v O'Brien,* 152 Mich App 495, 502-503; 393 NW2d 914 (1986). In this case, the trial court properly determined that the evaluative materials in defendant's internal affairs investigation file were privileged and thus not subject to discovery by plaintiff. However, the trial court abused its discretion in denying discovery of the Humbaugh arbitration record and departmental personnel files without conducting an in camera examination to determine whether the requested material did or did not contain unprivileged relevant material.

Affirmed in part and reversed in part.