205 Mich. App. 700 (1994)
518 N.W.2d 522
In re SUBPOENA DUCES TECUM TO THE WAYNE COUNTY PROSECUTOR (EVINA v. CITY OF DETROIT)
Docket No. 169471.
Michigan Court of Appeals.
Submitted May 4, 1994, at Detroit.
Decided June 20, 1994, at 9:35 A.M.
John D. O'Hair, Prosecuting Attorney, Andrea L. Solak, Chief, Special Operations, and Frank J. Bernacki, Assistant Prosecuting Attorney, for the Wayne County Prosecutor.
James A. Carlin, for Laura L. Evina, individually and as personal representative of the estate of Robert M. Evina, deceased.
Before: GRIFFIN, P.J., and SAWYER and BRENNAN, JJ.
Grant of leave to appeal is vacated, and leave to appeal is denied, declining further review of the case. See 444 Mich 860, 445 Mich ___.

ON REMAND
SAWYER, J.
This matter is again before us, now on remand from the Supreme Court. This dispute concerns whether the Wayne County Prosecutor must honor a subpoena for an investigative report prepared by an assistant prosecutor concerning the death of plaintiff's decedent at the hands of the police. In our earlier opinion, In re Subpoena Duces Tecum to the Wayne Co Prosecutor, 191 Mich App 90; 477 NW2d 412 (1991), we rejected the prosecutor's claim of a work-product privilege and affirmed the trial court's decision to require *703 the prosecutor to turn over the report. The facts underlying this dispute are adequately set forth in our earlier opinion and need not be repeated here.
After our earlier opinion, the Supreme Court, while retaining jurisdiction, remanded the matter to the trial court for consideration of an issue never raised by the parties, but commented upon by the dissent in our earlier opinion, namely, whether disclosure of the report was required under the Freedom of Information Act. MCL 15.231 et seq.; MSA 4.1801(1) et seq. In re Subpoena Duces Tecum to the Wayne Co Prosecutor, 440 Mich 870; 486 NW2d 742 (1992). On remand, the trial court determined that the report was, in fact, subject to disclosure under the FOIA. After remand, the Supreme Court, while retaining jurisdiction, again remanded the matter, this time to this Court, for consideration of the FOIA issue as well as consideration of another issue not previously raised, namely, whether disclosure was prevented by a common-law governmental privilege in connection with closed investigative files, including a deliberative-process privilege. In re Subpoena Duces Tecum to the Wayne Co Prosecutor, 444 Mich 860; 508 NW2d 508 (1993).
We turn first to the issue of privilege. With respect to the deliberative-process privilege, that question is easily answered inasmuch as there is binding precedent in this Court that finds that such a privilege does exist. Ostoin v Waterford Twp Police Dep't, 189 Mich App 334; 471 NW2d 666 (1991). Under Ostoin, the deliberative-process privilege would protect that portion of a report that comprises material of a deliberative or evaluative nature. However, the privilege would not protect a report, or a portion of a report, that was merely factual in nature. Id. at 338. Furthermore, *704 the privilege can be overcome by a showing of need. Id.
As for the existence of a common-law governmental privilege with respect to closed investigative files,[1] the prosecutor has chosen not to address this issue in its brief on remand, preferring instead to reargue the work-product privilege issue. However, we have already disposed of the work-product privilege issue and are not authorized by the Supreme Court to readdress it. Furthermore, inasmuch as the prosecutor has chosen not to address the issue of a common-law governmental privilege with respect to closed investigative files, we can only conclude that the prosecutor is implicitly confessing that either the privilege does not exist in Michigan or, even if it exists, it does not apply to this case. In any event, we deem the prosecutor to have waived further appellate consideration of this issue.
Thus, we must first resolve whether the report is protected from disclosure under the deliberative-process privilege. This determination is somewhat hampered by the fact that the Supreme Court did not direct the trial court to consider this issue on remand and, therefore, we are without the benefit of the trial court's insight on this matter. However, the deliberative-process privilege is significantly similar to one of the exceptions to the FOIA. Specifically, MCL 15.243(1)(n); MSA 4.1801(13)(1)(n) exempts from disclosure certain communications within a public body or between public bodies of an advisory nature. This exemption was considered by the trial court, and the trial court concluded that it did not preclude disclosure of the report. While the factors to be considered under the deliberative-process privilege are not entirely *705 the same as those to be considered under the FOIA exemption above, we are satisfied that the trial court's discussion of the FOIA issue sufficiently addressed the issue regarding plaintiff's need for the information to warrant a conclusion that the report was disclosable under the deliberative-process privilege as well. That is, plaintiff has demonstrated a sufficient need for the information so as to constitute an exception to the privilege. Ostoin, supra at 338.
This then takes us to the issue whether the report is disclosable under the FOIA. Generally speaking, the FOIA requires the disclosure of all public records, except to the extent that they fall within a statutorily recognized exemption. MCL 15.233(1); MSA 4.1801(3)(1). At issue here is whether the report comes within the above-mentioned exemption, MCL 15.243(1)(n); MSA 4.1801(13)(1)(n), with respect to communications within or between public bodies of an advisory nature that are other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption is certainly potentially applicable to a report within the prosecutor's office that is evaluative in nature and precedes a determination whether to file criminal charges against a suspect. However, that statute clearly places the burden on the public body to show in each particular instance that the public interest in encouraging frank communications between officials and employees of the public body clearly outweighs the public interest in disclosure. Id.
In the prosecutor's brief on remand, however, the prosecutor makes no showing of why the need for such frank communication in this case outweighs the public interest in disclosure. Indeed, the prosecutor's brief does little more than cite *706 this section of the statute, make the conclusory statement that frank communication within a prosecutor's office is in general a good thing, and then proceed with an irrelevant discussion of the work-product privilege. As discussed above, with respect to any litigation in this Court, the applicability of the work-product privilege has been laid to rest.[2]
In its opinion on remand, the trial court held that the prosecutor had failed in his burden to show that the report was nondisclosable under MCL 15.243(1)(n); MSA 4.1801(13)(1)(n). Certainly it is equally true that on appeal the prosecutor, while making the general point that such reports may come within that statutory exemption, has failed to show why this report comes within the exemption. As noted above, the burden always rests on the public agency to justify with respect to the facts of each specific document the need for nondisclosure under the act. The mere showing that the document falls within a general category of documents that may be subject to nondisclosure is, therefore, not adequate. Rather, in each case it remains the obligation of the public agency to show that the need for nondisclosure outweighs the public interest in disclosure. MCL 15.243(1)(n); MSA 4.1801(13)(1)(n). Accordingly, because the prosecutor makes no showing with respect to this document, we can only conclude that the trial *707 court was correct in determining that the document is not exempt from disclosure under the FOIA.
For the above reasons, we conclude that the trial court correctly determined that the Wayne County Prosecutor is obligated to turn the report over to plaintiff.
Affirmed.
NOTES
[1] See In re Sealed Case, 272 US App DC 314; 856 F2d 268 (1988), for a discussion of this privilege.
[2] We should note that the prosecutor's position that the work-product privilege can work to prevent disclosure under the FOIA is not necessarily incorrect as a general proposition. MCL 15.243(1)(i); MSA 4.1801(13)(1)(i) does exempt from disclosure any information or record subject to any privilege recognized by statute or court rule. However, not only does the prosecutor not refer to this section of the statute in his argument, it is nevertheless irrelevant inasmuch as we have already determined that the work-product privilege does not apply to this case. That is, the work-product privilege did not, as we previously held, apply for purposes of discovery; therefore, it certainly does not apply for purposes of disclosure under the FOIA.