NICITA v CITY OF DETROIT (AFTER REMAND)

Docket No. 167264. Submitted February 14, 1996, at Detroit. Decided May 28, 1996, at 9:00 A.M.

> James J. Nicita brought an action in the Wayne Circuit Court against the City of Detroit, seeking under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801 *et seq.*, records related to a building for which the plaintiff submitted, and the city rejected, an unsolicited offer for its redevelopment. The court, John R. Kirwan, J., granted summary disposition for the plaintiff, ruling that the records were not exempt from disclosure under MCL 15.243(1)(j); MSA 4.1801(13)(1)(j), which applies to a solicited bid or proposal to enter into a contract or agreement. The Court of Appeals, FITZ-GERALD, P.J., and CAVANAGH and NEFF, JJ., affirmed but remanded for determinations whether some of the requests were made moot because the plaintiff had obtained some of the records and whether the other records were exempt from disclosure under MCL 15.243(1)(a); MSA 4.1801(13)(1)(a) (information of a personal nature), MCL 15.243(1)(h); MSA 4.1801(13)(1)(h) (attorney-client privilege), and MCL 15.243(1)(n); MSA 4.1801(13)(1)(n) (communications of an advisory nature within a public body). 194 Mich App 657 (1992). On remand, the defendant abandoned the exemption based on attorney-client privilege and the trial court granted summary disposition for the defendant with respect to those records for which mootness was claimed and summary disposition for the plaintiff with respect to the remaining records. The defendant appealed, challenging the trial court's rulings with respect to the exemptions based on information of a personal nature and communications of an advisory nature within a public body.

> After remand, the Court of Appeals *held*:

> 1. MCL 15.243(1)(a); MSA 4.1801(13)(1)(a) exempts from disclosure information of a personal nature where disclosure would constitute a clearly unwarranted invasion of privacy. The customs, mores, or ordinary views of the community are taken into account in determining whether information is of a personal nature. Here, the business records for which exemption was claimed under § 13(1)(a) do not contain information of a personal nature.

2. MCL 15.243(1)(n); MSA 4.1801(13)(1)(n) exempts from disclosure communications and notes of an advisory nature within a public body or between public bodies to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. The exemption does not apply unless the public body shows that the public interest in encouraging frank communications between officials and employees of a public body clearly outweighs the public interest in disclosure. Here, the defendant failed to show that the need in encouraging frank communications clearly outweighs the public interest in disclosure.

Affirmed.

1. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS — INFORMATION OF A PERSONAL NATURE.

A public record is exempt from disclosure under the Freedom of Information Act if it pertains to information of a personal nature and disclosure would constitute a clearly unwarranted invasion of privacy; in determining whether information is of a personal nature, the customs, mores, or ordinary views of the community are taken into account (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).

2. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS — COMMUNICATIONS OF AN ADVISORY NATURE.

A public record is exempt from disclosure under the Freedom of Information Act if it pertains to communications and notes of an advisory nature within a public body or between public bodies to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action; the exemption does not apply unless the public body shows that the public interest in encouraging frank communications between officials and employees of the public body clearly outweighs the public interest in disclosure (MCL 15.243[1][n]; MSA 4.1801[13][1][n]).

James John Nicita, in propria persona.

*Thomas L. Walters*, Deputy Corporation Counsel, *Brenda M. Miller*, Supervising Assistant Corporation Counsel, and *Dennis A. Mazurek*, Assistant Corporation Counsel, for the defendant.

Before: JANSEN, P.J., and MCDONALD and D. C. KOLENDA,* JJ.

JANSEN, P.J. Defendant appeals as of right from an August 3, 1993, order of the Wayne Circuit Court granting partial summary disposition in plaintiff's favor in this action brought pursuant to the Freedom of Information Act (FOIA), MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq..* We affirm.

This is the second appeal in this case, which has a fairly long history. On May 22, 1989, plaintiff requested in writing certain public records from defendant's Community and Economic Development Department (now called the Planning and Development Department) pursuant to the FOIA. Plaintiff requested documents regarding the redevelopment of the Metropolitan Building, a vacant building, in the City of Detroit. Plaintiff was one of several developers who submitted a proposal for the Metropolitan Building project; however, that proposal was not selected. Defendant extended its time to respond to the request, but it failed to respond within the allotted time, thereby denying plaintiff's request. Plaintiff then filed a complaint in the Wayne Circuit Court claiming a violation of the FOIA because defendant had not responded to his request.

On May 4, 1990, plaintiff brought a motion for summary disposition under MCR 2.116(C)(9) (opposing party has failed to state a valid defense to the claim asserted) and (C)(10) (no genuine issue regarding any material fact and moving party entitled to judgment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

as a matter of law). Defendant also brought a motion for summary disposition claiming that plaintiff's request for the documents was moot because plaintiff had received some documents from other city agencies. Defendant alternatively argued that the documents were exempt from disclosure under § 13(1)(a), (h), (j), and (n) of the FOIA, MCL 15.243(1)(a), (h), (j), and (n); MSA 4.1801(13)(1)(a), (h), (j), and (n). The trial court entered orders denying defendant's motion for summary disposition and granting in part plaintiff's motion for summary disposition. The trial court granted plaintiff's motion with respect to all the documents requested under the FOIA, but and denied plaintiff's request for sanctions and costs.

Defendant then appealed the trial court's decision to this Court. This Court affirmed the trial court's determination that defendant did not sustain its burden of proving that the documents requested were exempt under § 13(1)(j) (a bid or proposal by a person to enter into a contract or agreement until the time for the public opening of the bid is exempt from disclosure). Specifically, this Court held that § 13(1)(j) applied only to solicited bids and that the bids in this case were not solicited. *Nicita v Detroit*, 194 Mich App 657, 666; 487 NW2d 814 (1992). This Court remanded the case to the trial court for further factual findings regarding defendant's claim that the issues were moot and for a determination whether § 13(1)(a), (h), and (n) applied, finding that the trial court had not made any specific factual findings with respect to those claims. *Nicita, supra,* p 667.

After remand, plaintiff again moved for summary disposition, claiming that defendant failed to meet its burden of showing that a portion of the documents

were exempt from disclosure under § 13 (1)(a), (h), and (n). The trial court first noted that defendant dropped its claim under § 13(1)(h) regarding the attorney-client privilege. The trial court granted plaintiff's motion for summary disposition under § 13(1)(a) and (n), ruling that those exemptions did not apply. With respect to defendant's mootness claim, the trial court granted defendant's motion for summary disposition on this basis, finding that plaintiff had previously received or was in possession of some of the documents requested.

Defendant now appeals that portion of the trial court's order denying its motion for summary disposition with regard to the exemptions under § 13(1)(a) and (n). We review the trial court's decision on a motion for summary disposition de novo. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995). A motion brought under MCR 2.116(C)(9) seeks a determination whether the opposing party has failed to state a valid defense to the claim asserted against it. Only the pleadings may be considered when the motion is brought under MCR 2.116(C)(9). MCR 2.116(G)(5). The well-pleaded allegations are accepted as true, and the test is whether the defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny a plaintiff's right to recovery. *Lepp v Cheboygan Area Schools*, 190 Mich App 726, 730; 476 NW2d 506 (1991).

A motion brought under MCR 2.116(C)(10) tests the factual basis of a plaintiff's claim. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). The court must consider the pleadings, depositions, affidavits, admissions, and any other documentary evidence submitted to it. MCR 2.116(G)(5). The court's task is

to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue regarding any material fact exists to warrant a trial. *Skinner, supra,* p 161. MCR 2.116(C)(10) permits summary disposition when, except with regard to the amount of damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Radtke v Everett,* 442 Mich 368, 374; 501 NW2d 155 (1993).

The FOIA protects a citizen's right to examine and to participate in the political process. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents,* 444 Mich 211, 231; 507 NW2d 422 (1993). A policy of full-disclosure underlies the FOIA. *Swickard v Wayne Co Medical Examiner,* 438 Mich 536, 543; 475 NW2d 304 (1991). All public records are subject to full disclosure under the act unless the material is specifically exempted under § 13. *Id.* Because the FOIA is intended primarily as a full-disclosure statute, the exemptions to disclosure are to be narrowly construed. *Id.* When a public body refuses to disclose a requested document under the act, the public body bears the burden of proving that the refusal was justified under the act. *Id.*

Defendant first argues that the trial court erred in denying its claim of exemption of disclosure of documents under § 13(1)(a). This section provides:

> A public body may exempt from disclosure as a public record under this act:
> (a) Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

Two factors must exist to exempt information from public exposure under this section. First, the information must be of a personal nature and, second, the disclosure of such information must constitute a clearly unwarranted invasion of privacy. *Booth Newspapers, supra,* p 232. In determining whether the information is of a personal nature, the customs, mores, or ordinary views of the community must be taken into account. *Id.,* pp 232-233.

Defendant contends that the following documents should be exempted under § 13(1)(a): (1) the application for multifamily housing project from Mid-America Realty Group; (2) an officer's statement of qualifications from D & L Development Company; and (3) income and balance statements from D & L Development Company. We agree with the trial court that this exemption does not apply to these documents. There is no indication that this information is of a personal nature. There exist no customs, mores, or ordinary views of the community that would require a finding that these business records constitute records of a personal nature. Similarly, in *Booth Newspapers,* our Supreme Court held that no custom, mores, or ordinary view of the community exists to warrant a finding that the travel expense records of a public body constitute records of a personal nature. Further, the FOIA personal-nature exemption does not prohibit the disclosure of information that could conceivably lead to the revelation of personal information. *Booth Newspapers, supra,* p 233.

Therefore, we hold that § 13(1)(a) of the FOIA does not apply to the business records in this case. We do not find that the business records constitute records of a personal nature so that they are exempt from dis-

closure. The trial court did not err in finding that § 13(1)(a) did not exempt the records from disclosure in this case.

Defendant next argues that the trial court erred in denying its claim of exemption of documents under § 13(1)(n). This section provides in part:

> A public body may exempt from disclosure as a public record under this act:
>
> \*     \*     \*
>
> (n) Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption does not apply unless the public body shows that in the particular instance the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure.

The records in question consist of forty-six documents, most of which are interoffice memoranda. We find that the trial court did not err in concluding that the documents were not exempt from disclosure under § 13(1)(n).

First, this exemption must concern communications and notes within a public body or between public bodies of an advisory nature. The documents fit this criteria because they are interoffice memoranda and are, therefore, communications and notes within a public body. Second, the record must also concern communication other than purely factual material and must be preliminary to a final agency decision. The documents also fit this criteria because there is some indication that the documents concern the opinions

of the writers of the memoranda regarding the construction to be done to the building.

However, the statute also clearly places the burden on the public body to show in each particular instance that the public interest in encouraging frank communications between officials and employees of the public body clearly outweighs the public interest in disclosure. *In re Subpoena Duces Tecum to the Wayne Co Prosecutor (On Remand)*, 205 Mich App 700, 705; 518 NW2d 522 (1994). We find that defendant failed to sustain its burden of proof that the exemption is applicable to the requested records because defendant has not shown that the need in encouraging frank communications *clearly* outweighs the public interest in disclosure.

In its brief in support of its motion for summary disposition before the trial court, defendant simply quoted from § 13(1)(n) and stated that the documents were exempt from disclosure. Defendant indicated that it would set forth particularized justification for the exemptions when the trial court performed the in camera review of the documents. At the in camera hearing, defendant indicated that the process of choosing a developer involved many city employees who communicated with each other in a frank manner. Defendant argued that if the employees did not feel that they could engage in frank communications, then a lack of such communication would be detrimental to the smooth flow of government business. Defendant also argued that the communications involved discussions concerning how government property would be disposed of and that such discussions should be exempt under § 13(1)(n).

Defendant also produced Nancy Trecha, intermediate urban renewal assistant for the Planning and Development Department, as a witness in support of its argument. Trecha testified that the documents were frank communications or evaluations made before a determination was made concerning the development project. However, Trecha's testimony did not illustrate why the public interest in encouraging frank communications between public employees clearly outweighed the public interest in their disclosure. Her testimony was only in general terms, indicating that disclosure of such communications would discourage employees from writing down their thoughts. Defendant did not make an offer of proof with regard to each specific document.

The trial court found, during its in camera review of the records, that the public interest in this case was the safety of the building and the interest in returning the building to the tax rolls. Further, as the trial court noted, defendant argued only in general terms regarding why the employee communications should be exempted. Defendant makes no argument in its appellate brief regarding how the need in encouraging frank communications clearly outweighs the public interest in disclosure, which it also failed to do before the trial court. As this Court has held, the mere showing that a document falls under the general category of documents that may be subject to nondisclosure is not adequate. Rather, the public agency must also show that the need for nondisclosure clearly outweighs the public interest in disclosure. *In re Subpoena Duces Tecum, supra,* p 706. Because the city has not made such a showing in this case, we conclude that the trial court was correct in

determining that the documents were not exempt from disclosure under § 13(1)(n) of the FOIA.

Accordingly, we conclude that the trial court did not err in granting summary disposition in favor of plaintiff because defendant has not met its burden of proof that any of the documents were exempt from disclosure under the FOIA.

Affirmed.