*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BABY BUFORD PORT HURON, LLC,

        Plaintiff/Counterdefendant-Appellant,

v

PORT HURON REALTY PARTNERS, LLC,

        Defendant/Counterplaintiff-Appellee,

and

BRIAN ZETOUNA and FAH PORT HURON, LLC,

        Defendants-Appellees.

UNPUBLISHED
November 30, 2023

No. 364549
St. Clair Circuit Court
LC No. 20-002152-CZ

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

In this dispute arising from a commercial lease agreement, plaintiff Baby Buford Port Huron, LLC, appeals as of right following entry of a judgment of no cause of action entered in favor of defendants Port Huron Realty Partners, LLC ("PHRP"), Brian Zetouna, and FAH, Port Huron, LLC, following a bench trial. On appeal, Baby Buford challenges the trial court's decision on the merits, as well as the earlier orders denying its motion for partial summary disposition, striking Baby Buford's jury demand and granting defendants' motion for a bench trial. We affirm.

## I. BACKGROUND

This case arises from a landlord-tenant dispute over real property in Port Huron. On July 8, 2015, Baby Buford entered into a lease agreement with the Charles F. Barrett Trust to lease the property, on which it subsequently operated a Checkers restaurant. The lease had a 10-year term, with an expiration date in July 2025. On March 14, 2016, PHRP purchased the property and became the landlord. In early 2020, Baby Buford became engaged in a franchise dispute that resulted in a closure of the Checkers restaurant. Baby Buford, however, denies that it abandoned or surrendered the property or equipment.

In August 2020, Baby Buford sent some workers to the property to collect its equipment. Zetouna arrived and refused to permit them to remove the equipment. The police were called and prohibited Baby Buford's workers from taking any of the equipment until the parties resolved their dispute in court. In October 2020, Baby Buford became aware that PHRP had leased the property to defendant FAH, which eventually began operating a restaurant on the property. Baby Buford alleged that some of its equipment had been removed by PHRP, or converted by PHRP and FAH to their own use.

Baby Buford then filed this action in October 2021 and, as relevant to this appeal, asserted claims for violation of the anti-lockout statute (MCL 600.2918), conversion, and claim and delivery.[1] Baby Buford filed a motion for partial summary disposition under MCR 2.116(C)(9) and (10), which the trial court denied. Although Baby Buford had filed a jury demand, the trial court granted PHRP's motion to strike the jury demand and ordered a bench trial in accordance with the terms of the parties' lease agreement. Following the bench trial, the trial court issued a detailed opinion in which it found that PHRP met its burden of establishing its defense of abandonment, which was a complete defense to all of Baby Buford's claims. Although the court noted that it was unnecessary to address Baby Buford's alleged damages, it found that plaintiff failed to offer competent evidence to establish its damages with reasonable certainty. Accordingly, the court entered a judgment of no cause of action in favor of defendants.

## II. SUMMARY DISPOSITION

Baby Buford first argues that the trial court erred by denying its motion for summary disposition under MCR 2.116(C)(9) and (10).

A trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Baby Buford moved for summary disposition under MCR 2.116(C)(9) and (10). In *Village of Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000), this Court explained:

> Summary disposition under MCR 2.116(C)(9) is proper if a defendant fails to plead a valid defense to a claim. *Nicita v Detroit* (*After Remand*), 216 Mich App 746, 750; 550 NW2d 269 (1996). A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true. *Lepp v Cheboygan Area Sch*, 190 Mich App 726, 730; 476 NW2d 506 (1991). If the defenses are " 'so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery,' " then summary disposition under this rule is proper. *Id.*, quoting *Domako v Rowe*, 184 Mich App 137, 142; 457 NW2d 107 (1990).

Additionally, as explained in *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 413 (2017):

---

[1] PHRP filed a countercomplaint in which it asserted four claims. Following the bench trial, the trial court dismissed the counterclaims, finding that PHRP had abandoned them.

"Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

A trial court's interpretation and application of the court rules is reviewed de novo. *Duckett v Solky*, 341 Mich App 706, 720; 991 NW2d 852 (2022).

Initially, we disagree with Baby Buford that it was entitled to summary disposition under MCR 2.116(C)(9) on the basis that defendants waived the defense of abandonment by failing to assert it in their first responsive pleading. A party is generally required to raise an affirmative defense in the party's first responsive pleading, or the defense is considered waived. MCR 2.111(F)(2); *Dell v Citizens Ins Co of America*, 312 Mich App 734, 753; 880 NW2d 280 (2015). The record discloses that defendants responded to Baby Buford's complaint by filing an Answer and Affirmative Defenses to Include Counterclaim. An answer to a complaint, by definition, is a pleading. MCR 2.110(A)(5). While defendants did not expressly raise the defense of abandonment in the affirmative defenses portion of this pleading, they asserted as follows in Paragraphs 16, 28, and 62 of their answer:

> . . . Plaintiff not only abandoned the property, but Plaintiff spray-painted the doors, windows, and signs [on] the property black.

> \* \* \*

> . . . Defendant did not need to initiate an eviction proceeding because Plaintiff abandoned the property.

> \* \* \*

> . . . Plaintiff abandoned the property. Plaintiff had a legal right to take possession back.

We conclude that defendants sufficiently raised the defense of abandonment in their first responsive pleading, which provided Baby Buford with ample notice of defendants' position that Baby Buford could not establish its claims because it had abandoned the property. Defendants did not waive this defense.

With respect to the second part of this argument, Baby Buford argues that the trial court failed to properly apply the standards for reviewing a motion under MCR 2.116(C)(10). Specifically, Baby Burford argues that it filed a properly supported motion under MCR 2.116(C)(10), but that PHRP did not properly respond to the motion by raising specific facts (as opposed to conclusory assertions) creating a genuine issue of material fact.

As Baby Buford argues, when a motion for summary disposition under MCR 2.116(C)(10) is supported as provided under MCR 2.116(G)(4), the opposing party may not merely rely on

conclusory allegations, but has an obligation to set forth specific facts, by affidavit or as otherwise provided in the court rule, showing that a genuine issue of material fact exists. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 6-8; 890 NW2d 344 (2016). Baby Buford properly supported its motion, as required by MCR 2.116(G)(3)(b), by submitting depositions transcripts, affidavits, written documents, and discovery responses. Although admittedly slim, PHRP did submit evidence in support of their response to Baby Buford's motion. In particular, PHRP attached answers to interrogatories and requests to admit, as well as an affidavit from Zetouna.

As a defense to each of Baby Buford's claims, defendants asserted that Baby Buford abandoned the property. To establish the defense of abandonment, a party is required to show "both an intent to relinquish the property and external acts putting that intention into effect." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 652; 662 NW2d 424 (2003).

After considering all of the evidence before the trial court when it ruled on Baby Buford's motion for summary disposition—which includes the evidence submitted by both[2] parties—we conclude that the trial court did not err by finding that there were genuine issues of material fact regarding whether Baby Buford abandoned the property, which would be fatal to Baby Buford succeeding on each of its claims, thereby precluding summary disposition under MCR 2.116(C)(10). In particular, the evidence submitted by both parties demonstrated that there were issues of material fact regarding (1) whether and when Baby Buford ceased paying rent, (2) whether and when Baby Buford discontinued utility payments, (3) whether and when Baby Buford undertook external actions to effectuate an intent to abandon the property, such as through blocking signage, removing some personal property, and leaving the outside premises unkept. Additionally, there was evidence submitted that Zetouna was aware of the condition of the building and the lack of utility and rent payments as early as April 2020, and had instructed his counsel to inform Baby Buford of the rent deficiencies. Under these circumstances, the trial court did not err by denying Baby Buford's motion for summary disposition under MCR 2.116(C)(10).

## III. JURY DEMAND

Baby Buford next argues that the trial court erred by striking Baby Buford's jury demand and granting defendants' motion for a bench trial.

This issue presents a matter of contract interpretation and a question of law, both of which are reviewed de novo. *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 426; 670 NW2d 651 (2003); *Shinkle v Shinkle* (*On Rehearing*), 255 Mich App 221, 224; 663 NW2d 481 (2003).

Under the Michigan Constitution, a plaintiff in a civil suit is guaranteed the right to a trial by jury. *Zdrojewski v Murphy*, 254 Mich App 50, 75; 657 NW2d 721 (2002), citing Const 1963, art 1, § 14. However, because a party's right to a jury trial may be waived, this right has been

---

[2] When reviewing a motion under MCR 2.116(C)(10), a court considers *all* the evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Kelsey v Lint*, 322 Mich App 364, 370; 912 NW2d 862 (2017).

interpreted as permissive, rather than absolute. *Zdrojewski*, 254 Mich App at 75. Similarly, MCR 2.509(A) provides:

> If a jury has been demanded as provided in MCR 2.508, the action or appeal must be designated in the court records as a jury action. The trial of all issues so demanded must be by jury unless
>
> (1) the parties agree otherwise by stipulation in writing or on the record, or
>
> (2) the court on motion or on its own initiative finds that there is no right to trial by jury of some or all of those issues.

Thus, MCR 2.509(A)(1) recognizes that parties may agree in writing to a trial without a jury.

Defendants contend that Baby Buford expressly waived any right to a jury trial in § 21 of the lease agreement, which provides:

> The remedies provided to Landlord under this Lease are cumulative, regarding both other remedies provided by the Lease and any remedies provided by law. If Landlord commences an action to enforce this Lease, Tenant agrees to pay Landlord's reasonable costs and attorney fees. *Landlord and Tenant knowingly and voluntarily waive trial by jury in any action (a) to enforce this Lease; (b) to evict Tenant from the Premises; or (c) that is in any way related to the Lease, the Premises, or the relationship between Landlord and Tenant.* [Emphasis added.]

Under the clear and unambiguous terms of the lease agreement, both Baby Buford and PHRP knowingly and voluntarily waived any right to a jury trial for any matters related to the enforcement of the lease and their relationship as landlord and tenant.

We are not persuaded by Baby Buford's argument that PHRP waived the right to assert the lease provision and proceed to a bench trial. A waiver is the intentional relinquishment of a known right, and to waive a right, a party must have knowledge of the existing right and a clear intention to forego that right. *Estate of Reed v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011). There is no indication that PHRP did anything that expresses its intent to waive enforcement of § 21 of the lease agreement.

In support of its position that defendants waived their right to insist on a bench trial in accordance with § 21 of the lease agreement, Baby Buford cites *Fera v Village Plaza, Inc*, 52 Mich App 532; 218 NW2d 155 (1974), rev'd on other grounds 396 Mich 639 (1976). But this case is distinguishable from *Fera* because the trial court's authority to order a bench trial was not restricted by the procedural rule that was critical to the decision in *Fera*, and there is no indication that defendants engaged in the same type of procedural sandbagging that occurred in that case, or that Baby Buford was unaware of the waiver provision in the lease agreement. Moreover, the scope of the waiver provision was broad and clearly applied to the parties' dispute, and there were no restrictions or limitations regarding its application. The trial court did not err by enforcing § 21 of the lease agreement and ordering a bench trial.

## IV. DEFENSE OF ABANDONMENT

Baby Buford argues that the trial court erred by finding that it could not establish its claims because it had abandoned the property.

The trial court's findings of fact at a bench trial are reviewed for clear error. *Astemborski v Manetta*, 341 Mich App 190, 195; 988 NW2d 857 (2022). "A finding is clearly erroneous where, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake has been made. This Court is especially deferential to the trial court's superior ability to judge of the relative credibility of witnesses." *Id.* (quotation marks and citations omitted). The trial court's conclusions of law are reviewed de novo. *Id.* at 196.

To establish the defense of abandonment, "both an intent to relinquish the property and external acts putting that intention into effect must be shown by the party asserting abandonment." *Ambs*, 255 Mich App at 652; see also *Ludington & Northern R v Epworth Assembly*, 188 Mich App 25, 33; 468 NW2d 884 (1991). A party's nonuse of property, by itself, will not suffice to demonstrate abandonment; rather, nonuse must be "accompanied by some act showing a clear intent to abandon." *Ludington & Norther R*, 188 Mich App at 33. The burden of proving abandonment rests with the party asserting it. *Fera*, 52 Mich App at 539.

The thrust of Baby Buford's argument is that the trial court incorrectly shifted the burden of proof to disprove an abandonment of the property, rather than placing the burden of proving abandonment on defendants.

In its opinion, the trial court found that "PHRP met its burden of proof on abandonment," thereby indicating that it correctly understood that the burden was on PHRP to prove abandonment. In commenting on Baby Buford's attempt to argue that an abandonment of the premises should be distinguished from an abandonment of the business equipment, the trial court agreed that such an argument could potentially have merit if there was evidence that Baby Buford had notified PHRP that it did not intend to abandon the personal property along with the premises. But the trial court found that "[n]o such facts exist." Through these comments, the trial court was not placing the burden on Baby Buford to disprove abandonment, but was merely pointing out that there was no evidence to support Baby Buford's attempt to distinguish an abandonment of the premises from an abandonment of the business equipment. The trial court also noted that under the clear terms of the lease agreement, if Baby Buford abandoned the premises, it would also constitute an abandonment of the personal property and trade fixtures on the property. Accordingly, we reject Baby Buford's argument that the trial court impermissibly shifted the burden of proof when considering the defense of abandonment.[3]

___

[3] Although not raised as a challenge to the trial court's decision, Baby Buford argues that abandonment must be established by clear and convincing evidence, citing *Ambs*, 255 Mich App at 652. However, the *Ambs* Court did not mention the burden of proof on the cited page or elsewhere, instead discussing only the standard of appellate review. Though a trademark case states abandonment must be proven by clear and convincing evidence, see *Interstate Brands Corp*

Additionally, we hold that, considering the evidence introduced at trial, the trial court did not clearly err by finding that Baby Buford intended to abandon the property and took external actions in furtherance of that intention. In addition to closing the business, evidence showed that Baby Buford ceased paying rent, a trash dumpster was removed, the water was shut off, other items of personal property were removed, and that the property had not been maintained.[4] The court also found that Baby Buford did not have any intention of informing PHRP of its change in status with the Checkers franchise, which would constitute a breach of the lease agreement, given that the lease required that Baby Buford use the property as a Checkers restaurant. Although Baby Buford asserted that it did not intend to abandon the premises, the record evidence supports the trial court's finding that its external actions in late 2019 and 2020 manifested a contrary intention. This Court defers to the trial court's credibility determinations. *Astemborski*, 341 Mich App at 195-196.

Finally, Baby Buford argues that the trial court erred by not requiring PHRP to establish that it made a diligent inquiry to determine that Baby Buford did not intend to return to the premises. Baby Buford relies on MCL 600.2918(3)(c), which provides that an owner's actions will not unlawfully interfere with another party's possessory interest in property if

> [t]he owner, . . . believes in good faith that the tenant has abandoned the premises, and after diligent inquiry has reason to believe the tenant does not intend to return, and current rent is not paid.

Contrary to what Baby Buford asserts, the trial court did consider Zetouna's efforts to investigate the property as part of the diligent inquiry required under MCL 600.2918(3). The court stated that the pivotal question at trial was whether PHRP and Zetouna "acted upon sufficient information to support their claim of Plaintiff's abandonment of the premises." The trial court noted that rent had not been paid since November 2019, and that the Checkers restaurant abruptly shut down in April 2020, without information being disclosed directly to Zetouna. When Zetouna learned that the business had been shut down, he personally visited the property in April 2020 to "take a closer look," whereupon he discovered that products had been removed and the premises had not been cleaned, that the building was dark and the water had been shut off by the city for nonpayment, and that a trash dumpster had been removed. The court further found that Zetouna returned a month later and nothing had changed, no maintenance was being performed to the building or grounds, and there were no signs of activity at the premises. By June, there still was no change in the property's status. In July, the Checkers name was covered on all signs and photographs of the building depicted an unmaintained building. The trial court found that the evidence established "a pattern of actions by [Baby Buford] consistent with abandonment of the premises that began in early April 2020." This evidence demonstrates that Zetouna conducted a

---

*v Way Baking Co*, 403 Mich 479, 482-483; 270 NW2d 103 (1978), we have found none requiring that level of proof relative to the abandonment of a lease interest in real estate.

[4] Specifically, evidence showed that the premises remained empty in May 2020, with paper and food products, cleaning supplies, computers, cash registers, and electronic equipment having been removed, and Zetouna noticed evidence of rain intrusion when he entered the premises.

diligent inquiry under MCL 600.2918(3), and it was reasonable for him to believe that Baby Buford did not intend to return to the property.[5]

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[5] Because we conclude that the trial court did not err by finding that defendants established their defense of abandonment, which was a complete defense to all of plaintiff's claims, it is unnecessary to consider Baby Buford's remaining argument regarding damages.