John Lee HRBEK, Appellant,

v.

STATE of Iowa, Appellee.

No. 90–1794.

Supreme Court of Iowa.

Dec. 24, 1991.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and William A. Hill, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

The sole question posed by this appeal is whether expungement of a prisoner's record, rather than rehearing, is the proper remedy for substantial due process violations that infect a prison disciplinary action. Under the institution's own rules, it appears that expungement is required. We therefore reverse the district court's order

for rehearing and remand for an order of expungement.

Petitioner John Hrbek is serving a life sentence at the Iowa State Penitentiary (ISP). He works in the prison as a clerk-typist. In September 1986, while Hrbek was at his work station, corrections officials observed him typing personal legal work on a state typewriter. Hrbek was advised that his conduct violated prison rules against taking legal work to a job assignment. He was allowed, however, to finish his work.

Based on this incident, Hrbek was accused of violating a number of institutional rules. At a hearing before the prison disciplinary committee, Hrbek claimed that his supervisor, Richard Pohlpeter, had given permission in the past for Hrbek's personal use of the typewriter. The committee refused Hrbek's request that Pohlpeter testify personally in his defense, however, on the ground that Pohlpeter had not witnessed this particular event. Finding Pohlpeter had no "personal knowledge of the incident," the committee concluded that "anything he may say [would be] immaterial."

Following hearing, the committee found Hrbek guilty of violating prison rule 16 (unauthorized possession of property), rule 23 (disobeying a lawful order), and rule 27 (disruptive conduct). As part of its decision, the committee relied upon information gathered *after* the hearing which allegedly confirmed written witness statements previously received. The punishment imposed against Hrbek (as finally modified through appeal to the warden, affirmed by the department of corrections) was fifteen days disciplinary detention, loss of ten days good time, and ninety days of administrative segregation.

Hrbek sought postconviction relief on a variety of grounds, only two of which are pertinent to this appeal: (1) that, barring security reasons, rules III(D)(6) and (7) of the ISP permit an inmate to call for the live testimony of favorable witnesses, and (2) that ISP rule III(D)(10)(f) requires that all nonconfidential evidence be reviewed with the inmate. The district court agreed that

these institutional rules governing an inmate's right to present a defense had not been followed in Hrbek's case. It remanded the case for rehearing by the disciplinary committee. Dissatisfied with this result, Hrbek now appeals.

Hrbek asserts that he is entitled to have his record of this disciplinary proceeding expunged and his good time restored without further hearing. He rests his argument on ISP rule III(G)(2) which provides:

If an alleged rule violation is not adjudicated in accordance with the procedure contained in this manual of Disciplinary Policy and Procedures, *no punishment may be imposed for such rule violation, and all records of the alleged violation, including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be subject to review by the Board of Parole. PROVIDED HOWEVER: (1) that insubstantial and nonprejudicial deviation from these procedures shall not preclude punishment or require expungement; (2) that this rule shall not apply to any deviation from these procedures which is fully corrected during the disciplinary process or on remand following an appeal to the Warden; (3) that the rule shall not apply to any deviation from these procedures which the inmate fails to raise as an issue in an appeal to the Warden within seven days after receiving written notice of the disciplinary committee's decision.*

(Emphasis added.)

Seizing on the exceptions to the rule, the State resists expungement on three grounds. First, it argues that the procedural deprivations found by the district court are insubstantial and did not prejudice Hrbek's right to a fair hearing. Second, it claims that even if Hrbek's rights were violated, the second exception under rule III(G)(2) provides that any error may be corrected upon remand. Finally, the State relies on *Mahers v. State*, 437 N.W.2d 565 (Iowa 1989), for the proposition that rehearing, not expungement, is the proper remedy. For the reasons that fol-

low, we conclude that the State's arguments must yield to the plain language of the institution's own rule.

■■■■ It is well settled that minimum requirements of procedural due process must be observed before good time earned by an inmate can be forfeited. *Picard v. State,* 339 N.W.2d 368, 373 (Iowa 1983) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951–52 (1974)). Among the limited rights reserved to inmates in prison disciplinary actions is the right to call defense witnesses. *Fichtner v. Iowa State Penitentiary,* 285 N.W.2d 751, 757 (Iowa 1979). This right does not extend to confrontation or cross-examination, and may be limited at the discretion of prison officials where security risks are posed. *Mahers,* 437 N.W.2d at 568. An unjustified refusal to permit live testimony of a defense witness, however, will warrant reversal of the disciplinary committee's decision. *Id.* at 569.

■■■■ The State offers no justification for the committee's refusal to call Pohlpeter as a defense witness. Clearly he posed no security risk. His written statement confirmed Hrbek's assertion that he had given permission for other nonwork-related typing. Thus even if he did not personally observe the typing in question, his testimony would be material to the issue of permission raised by the inmate.

■■■■ Given the materiality of Pohlpeter's testimony, we find no merit in the State's contention that refusing to permit it amounted to an insubstantial departure from the procedural rules. The distinction between substantial and insubstantial deviations turns on whether the applicable rule (1) directly protects the integrity of the adjudication of guilt or innocence, or (2) prevents the inmate from gaining access to evidence. *Kelly v. Nix,* 329 N.W.2d 287, 293 (Iowa 1983). Both factors are implicated by the committee's conduct in this case. The departure from the rule cannot reasonably be characterized as insubstantial.

■■■■ Nor can the State rely on the second exception to rule III(G)(2) to escape the general rule requiring expungement. The record reveals that Hrbek urged this denial of his procedural rights throughout his administrative appeals to the warden and the department of corrections. The error was not "fully corrected during the disciplinary process or on remand following an appeal to the Warden." Rules, Regulations and Disciplinary Procedures for the Government of the Iowa State Penitentiary Inmates III(G)(2). By its terms, the exception does not apply to this case. *Cf. Benadum v. Scurr,* 320 N.W.2d 578, 580 (Iowa 1982) (the exception does not prohibit rehearing of charges where prisoner was ultimately afforded due process *within administrative appeal process* of disciplinary adjudication).

Finally, the State's reliance on this court's resolution in *Mahers* is misplaced. Mahers, like Hrbek, successfully urged reversal of the prison disciplinary committee's adjudication of guilt on the ground he had been denied the right to call witnesses in his behalf. *Mahers,* 437 N.W.2d at 566–67. As correctly noted by the State, we remanded the case for an administrative rehearing. The applicability of the expungement rule, however, was neither advanced by Mahers nor addressed in our opinion. Hence our failure to direct expungement in *Mahers* cannot be used by the State to get around the expungement issue preserved by Hrbek in the present case.

Our determination that Hrbek is entitled to expungement, rather than rehearing, is strengthened by the federal district court's own view of the impact of rule III(G)(2), formerly known as rule 804. In *Kelly* we noted that rule 804 was developed by prison authorities under a mandate from the federal district court to establish a disciplinary hearing procedure that was consistent with due process. *Kelly,* 329 N.W.2d at 290. The rules adopted by the institution have in some instances exceeded the minimum requirements of due process generally accorded prisoners. *Davis v. State,* 345 N.W.2d 97, 100 (Iowa 1984). Applying rule 804, the federal district court has held that substantial departure from disciplinary action notice and hearing requirements shall

entitle a prisoner to expungement of any reference to a rule infraction in records reviewable by the board of parole. *Rinehart v. Brewer*, 483 F.Supp. 165, 171 (S.D.Iowa 1980). The court reasoned that its decision was not based on the federal constitution, but on the principle that the institution should be required to abide by its own rules. *Id.*

We conclude that the rationale of *Rinehart* applies here with equal force. Under the prison's own rules, the procedural violations found by the district court entitled Hrbek to expungement of any record regarding his alleged typing offenses, not rehearing. Accordingly, we reverse the district court's judgment for rehearing and remand for an order directing the expungement of Hrbek's record with regard to this case.

REVERSED AND REMANDED WITH DIRECTIONS.