**Jeff GOODWIN, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 95–137.**

Court of Appeals of Iowa.

June 24, 1998.

Philip B. Mears of Mears Law Firm, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee.

Heard by CADY, C.J., VOGEL, J., and HABHAB, S.J.*

VOGEL, Judge.

On appeal from a prison disciplinary proceeding, Applicant Jeff Goodwin claims the district court erred in remanding for rehearing rather than expunging a disciplinary report and alternatively claims his sanction was excessive and should be set aside. We find the expungement issue to be moot, but remand the matter for reconsideration of the appropriate sanction.

***Background facts.*** On March 9, 1993, Goodwin, an inmate at the Iowa State Penitentiary, was given a disciplinary report which alleged he had made unauthorized phone calls to a female correctional officer, during which he had made sexual remarks. The officer played a recording of some of the calls for two staff members who identified Goodwin as the caller.

The disciplinary report charged Goodwin with violating several prison disciplinary rules, including Rule 15, sexual misconduct, and Rule 40, misuse of telephone communications. On March 12, 1993, the disciplinary committee found Goodwin guilty of violating Rule 15 and the lesser included rule violations.

Goodwin appealed to the warden, seeking to obtain witness statements from the two staff members who had purportedly identified Goodwin as the caller. The warden remanded to accommodate the request. On remand, statements were obtained from two staff members who were not in fact the

---

* Senior judge assigned by order pursuant to Iowa Code § 602.9206 (1997).

identifying witnesses. Nonetheless, the committee again found Goodwin guilty of violating Rule 15.

Goodwin filed an application for postconviction relief asking the court to set aside the sanctions and expunge the report. The district court remanded the matter for rehearing to obtain the correct witness statements. Goodwin appealed.

While Goodwin's appeal was pending, the remanded case was heard by an administrative law judge, (ALJ), who finally found insufficient evidence that Goodwin had committed sexual misconduct and dismissed that charge. However, the ALJ found that Goodwin had, by his own admission, misused a phone in violation of Rule 40 and imposed 30 days of disciplinary detention and 270 days in lockup. The district court affirmed the sanction and Goodwin appeals.

The supreme court combined Goodwin's two appeals so that the questions before us are: 1) Was the district court correct in remanding the case over Goodwin's assertions that his record should be expunged; and 2) did the ALJ abuse his discretion in considering the dismissed sexual misconduct charge in imposing sanctions for misuse of the telephone.

**I. Remand vs. Expungement.** Goodwin contends that prison policy requires expungement where the district court finds there was a procedural error in a disciplinary case. The State contends expungement is optional, particularly when the deficiency was cured.

Ordinarily, our review of postconviction relief proceedings is for errors at law. *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa1980). However, when a postconviction petitioner asserts violation of constitutional safeguards, we make our own evaluation based on the totality of the circumstances. *Id.* This is the equivalent of a de novo review. *Id.*

The expungement provision of the Disciplinary Policy and Procedures for the Government of the Iowa State Penitentiary Inmates Rule III(G) (2)(b) states:

If an alleged rule violation is not adjudicated in accordance with the procedure contained in this manual of Disciplinary Policy and Procedures, no punishment may be imposed for such rule violation, and all records of the alleged violation, including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be subject to review by the Board of Parole. PROVIDED HOWEVER: (1) that insubstantial and nonprejudicial deviation from these procedures shall not preclude punishment or require expungement; (2) that this rule shall not apply to any deviation from these procedures which is fully corrected during the disciplinary process or on remand following an appeal to the Warden; (3) that the rule shall not apply to any deviation from these procedures which the inmate fails to raise as an issue in an appeal to the Warden within seven days after receiving written notice of the disciplinary committee's decision.

The expungement rule originated in an unreported federal court consent decree in the case of *Kane v. Brewer,* Civil No. 73–153–1(S.D.Iowa 1974), and has been interpreted in two Iowa Supreme Court cases. In *Kelly v. Nix,* 329 N.W.2d 287 (Iowa 1983), the court held that the expungement rule did not apply to insubstantial and nonprejudicial errors. *Kelly,* 329 N.W.2d at 293 (citing *Kane v.Brewer,* Civ. No. 73–153–1 (S.D.Iowa, September 30, 1982)).

In *Hrbek v. State,* 478 N.W.2d 617 (Iowa 1991), the court further defined a substantial departure from the procedural rules as follows: "The distinction between substantial and insubstantial deviations turns on whether the applicable rule (1) directly protects the integrity of the adjudication of guilt or innocence or (2) prevents the inmate from gaining access to evidence." *Hrbek,* 478 N.W.2d at 619 (citing *Kelly,* 329 N.W.2d at 293).

In *Hrbek,* the due process violation stemmed from the denial of the applicant's right to call a witness at his *initial* hearing before the prison disciplinary committee which he claimed would have absolved him of the violation charged. *Id.* at 618. The dis-

trict court, finding that the institutional rules had not been followed, remanded the case for rehearing to allow the witness to be called. *Id.* On appeal, the supreme court reversed, stating the proper remedy for a due process violation was not to remand for new hearing but to expunge the record as required when a rule violation is not adjudicated in accordance with the procedure contained in the Disciplinary Policy and Procedures manual. *Id.* at 619–20.

■ Here, we do not have a denial of Goodwin's due process rights at his initial hearing before the prison disciplinary committee. Instead, for the first time on appeal to the warden, Goodwin requested the names of the two witnesses who were referred to in the complaining officer's report as "two additional staff members." The warden agreed to the request, remanded the case, and the attempt to secure the names and statements of the witnesses ensued. Mistakes were made as the identifications of the persons sought was unclear; however, eventually only one witness was identified and the ALJ found there was insufficient evidence to prove Goodwin had committed sexual misconduct. We are hesitant to find that this was a "deviation from these procedures," but even if we were to so find, we conclude the situation was "fully corrected during the disciplinary process or on remand following an appeal to the Warden." *See* Rule III (G)(2)(b). Moreover, as the ALJ found there was insufficient evidence on the sexual misconduct allegation and dismissed the charge, any expungement issue is now moot.

■ **II.   Sanction.**   At the same hearing where the sexual misconduct charge was dismissed, the administrative law judge found Goodwin guilty of misuse of the telephone, in part from his own admission. The ALJ sanctioned Goodwin with 270 days in lock up and 30 days of disciplinary detention, the identical sanction the ALJ imposed when he found Goodwin guilty of sexual misconduct before the final remand and rehearing. Goodwin contends this is an excessive sanction for phone misuse and asserts that even though there was not enough evidence to prove the sexual misconduct charge, the ALJ thought Goodwin might have committed sexual mis-

conduct and incorporated his suspicions into the sanction.

The ALJ's reasoning for the sanction was articulated in his decision as follows: "Disposition due to abuse of telephone by inmates in this manner could result (as in this situation) in reasons for believing more serious offenses were engaged in by the inmate."

At the postconviction trial, the ALJ testified that under normal circumstances an inmate who commits phone misuse is sanctioned with 15 days disciplinary detention and 90 days in lock up. The ALJ admitted that in this instance he had taken the sexual misconduct charge into account when imposing the sanction. The district court further noted this in its opinion:

> The Administrative Law Judge testified that the penalty assessed for misuse of the telephone was indeed the same as had been previously assessed for sexual misconduct during the administrative appeal process. He felt that the penalty assessed depended on the type of misuse and "messing with telephones" normally does not merit 270 days restriction to a cellhouse. Under normal circumstances, according to the ALJ 15–90 days lock-up would be appropriate. *The ALJ candidly testified that he took into account the original charge of sexual misconduct when selecting a sanction for a misuse of telephone violation. The ALJ stated in his decision that the disposition was due in part because there is reason to believe more serious offenses were engaged in by the inmate.*

(Emphasis added.)

The district court concluded, however, that the reasons for the sanction were not constitutionally impermissible and that the sanction was within the permissible range.

■ As the sanction was within the permissible range under the prison guidelines and raises no constitutional concerns, our review is for abuse of discretion. *See Harpster v. State,* 569 N.W.2d 594, 596 (Iowa 1997); *Mahers v. State,* 437 N.W.2d 565, 567 (Iowa 1989).

We find the trial court abused its discretion in this instance. While the sanction may have been within the permissible range, the stated reasons for the sanction were clearly impermissible. Analogous to criminal sentencing, we find it is an abuse of discretion for the administrative law judge to have considered a dismissed charge when imposing punishment. *Cf. State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981) (case remanded for resentencing where trial court improperly considered unproven and unprosecuted charges); *State v. Thompson*, 275 N.W.2d 370, 371–72 (Iowa 1979) (sentence vacated where court considered an unproven charge in sentencing defendant). The punishment should fit both the crime and the individual. *See State v. Cupples*, 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967) (citation omitted); 24 C.J.S. *Criminal Law* § 1463 (1989).

For these reasons, we reverse the trial court and remand the matter for reconsideration of the appropriate sanction. *See Love v. State*, 551 N.W.2d 66, 70 (Iowa 1996).

**MOOT IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.**